UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS D. KRAEMER,

                    Plaintiff,

          -against-

JOHN DOE 1 through JOHN DOE 1630, et al.,

                    Defendants.

26-CV-4436 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated November 1, 2017, because of Plaintiff Thomas Kraemer's "pattern of vexatious, duplicative, and nonmeritorious litigation," the court barred him from filing any new civil action in this court *in forma pauperis* ("IFP") without first obtaining from the court leave to file.[1] *See Kraemer v. Edelstein*, ECF 1:17-CV-2910, 16 (S.D.N.Y. Nov. 1, 2017).

Recently, the Court dismissed Plaintiff's nearly 300-page complaint, which named, among others, 938 "John Doe" defendants who were alleged to have "systematically usurped Plaintiff's Apple ID identity," on the ground that Plaintiff was barred from proceeding IFP. *See Kraemer v. John Doe 1 through John Doe 938*, No. 26-CV-3287 (LTS) (S.D.N.Y. May 4, 2026).

Plaintiff brings this *pro se* action against, among others, 1,630 Doe defendants, making similar allegations that Defendants had systematically usurped Plaintiff's Apple ID identity. (ECF 1 at 1, ¶ 1.) Plaintiff seeks leave to file this action, arguing that his proposed complaint is not duplicative of any prior action. (ECF 4 at 1.) He argues, for example, that one Defendant has "intentionally manipulated the MacBook's internal daemons to prevent the Plaintiff from documenting the enterprise's activities. This effectively frames the enterprise not just as a

---

[1] The bar order does not prevent Plaintiff from bringing a new action with prepayment of the filing fees.

'stalker,' but as an active, malicious actor that is currently sabotaging the Plaintiff's ability to participate in this legal proceeding." (*Id.* at 5-6.)

Plaintiff application for leave to file this action does not show that this action is a departure from his prior litigation patterns and that he should therefore be permitted to proceed IFP. Accordingly, the Court denies IFP status and dismisses the action without prejudice pursuant to the November 1, 2017 order in *Kraemer*, 1:17-CV-2910.[2]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:    May 28, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Nothing in this order prevents Plaintiff from refiling this action with prepayment of fees.

2